Lindley and Whalen, JJ. (dissenting).
We respectfully dissent. We disagree with the majority’s determination that the language in section 6.5.3 of each collective bargaining agreement (CBA) is unambiguous. The relevant language of that section provides that full-time employees who retire from defendant Newfane Central School District (District) under the New York State Employees’ Retirement System plan shall be entitled to credit toward group health insurance premiums for accumulated sick leave. That section further provides that, in the event of the retiree’s death, the benefit shall transfer to the surviving spouse. As noted by the majority, one version of the CBA states that “[t]he coverage provided shall be the coverage which is in effect for the unit at such time as it is provided to the employee,” while the other version states that “[t]he coverage provided shall be the coverage which is in effect for the unit at such time as the employee retires.” The language in section 6.5.3 regarding the level of coverage for retirees conflicts with language found in section 6.4 of the CBA. Section 6.4 provides that retired employees shall be eligible to “continue group health insurance” upon payment of a monthly premium to the District. In section 6.5.3, the word “benefit” is used to describe the sick-leave accrual and the word “coverage” is used to describe the particular plan, or health insurance. The words “benefit” and “coverage” may have been included in the same paragraph in order to distinguish between the two words and to establish different rights for retirees. Section 6.5.3 may have given retirees additional rights to health insurance coverage in addition to those provided in section 6.4. “ ‘A contract is ambiguous if the language used lacks a definite and precise meaning, and there is a reasonable basis for a difference of opinion’ ” (Williams v Village of Endicott, 91 AD3d 1160, 1162 [2012]). Given the conflict between section 6.5.3 and section 6.4, we believe that an ambiguity exists. We have held that, “[i]n the event that a contract is ambiguous, its interpretation is still a matter for the court unless ‘determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence’ ” (Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 218 [2009], quoting Hartford Ace. & Indem. Co. v Wesolowski, 33 NY2d 169, 172 [1973]). The parties submitted conflicting evidence regarding the intended meaning of the provisions at issue here, and a determination as to such intended meaning cannot be made absent additional extrinsic evidence. We therefore conclude that the matter should be remitted to *1626 Supreme Court for a hearing at which parol evidence may be presented to establish the parties’ intent. Present — Scudder, P.J., Smith, Centra, Lindley and Whalen, JJ.